IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JASON BOUDREAU | : |
| | : |
| *Plaintiff,* | : |
| | : |
| v. | : Civil Action No. 1:20-cv-00324-JJM-LDA |
| | : |
| CENTRAL FALLS DETENTION | : |
| FACILITY CORP. WARDEN DANIEL | : |
| MARTIN, INVESTIGATOR DAVID | : |
| TOMASSO, CORRECTIONAL OFFICER | : |
| CARTER, CRYSTAL CANIGLIA, | : |
| KRISTEN DAMASO, CORRECTIONAL | : |
| OFFICER DAVIS | : |
| | : |
| *Defendants.* | : |

**DEFENDANT CRYSTAL CANIGLIA'S MOTION FOR PROTECTIVE ORDER**

Defendant Unit Manager Crystal Caniglia ("Caniglia") hereby moves for a protective order pursuant to Federal Rule of Civil Procedure 26 ordering that she need not respond to Plaintiff Jason Boudreau's ("Plaintiff" or "Mr. Boudreau") First Request for Production of Documents. As grounds for this Motion, Ms. Caniglia states as follows:

**Argument**

Federal Rule of Civil Procedure 26(c)(1) grants authority to the Court to issue orders pertaining to discovery to protect parties from "annoyance, embarrassment, oppression, or undue burden or expense" upon showing good cause. Fed. R. Civ. P. 26(c)(1). The First Circuit "has described Rule 26(c) as 'highly flexible, having been designed to accommodate all relevant interests as they arise … [T]he 'good cause' standard in the Rule is a flexible one that requires an individualized balancing of the many interests that may be present in a particular case.'" *Picard v. City of Woonsocket*, No. 09-318 S, 2011 U.S. Dist. LEXIS 94430 (D.R.I. Aug. 23, 2011), (citing

1

*Gill v. Gulfstream Park Racing Ass'n., Inc.,* 399 F.3d 391, 402 (1st Cir. 2005)) (further citation omitted). "'Undue burden and expense' refers to the logistics of conducting discovery.'" *Id.*

Mr. Boudreau served forty-seven (47) requests for documents on Ms. Caniglia. The requests ask for documents already in Mr. Boudreau's possession (Request No. 24: All documents and ESI related to the criteria and suspending and/or terminating a detainee from a unit pod worker job that was in effect in 2019); documents that are wholly irrelevant to the facts alleged in the operative complaint (Request No. 43: All Microsoft excel files that pertain to the Plaintiff that were created and/or edited from January 1, 2018 to April 5, 2021); and medical documents that Mr. Boudreau already has or that would clearly not be in the possession of this individual defendant. See Exhibit A. In short, Mr. Boudreau served these requests with the intent to harass and annoy Ms. Caniglia and drive up the CFDFC's litigation costs. The Court should grant this Motion and order that Ms. Caniglia should not be required to respond to Mr. Boudreau's First Request for Production of Documents.

Wherefore, Crystal Caniglia respectfully asks that the Court grant her Motion.

Respectfully Submitted,

CRYSTAL CANIGLIA,

By her Attorneys,

/s/ *Matthew C. Reeber*
Matthew C. Reeber (#7702)
PANNONE LOPES DEVEREAUX & O'GARA LLC
1301 Atwood Avenue, Suite 215N
Johnston, RI 02919
Tel: (401) 824-5100
Fax: (401) 824-5123
mreeber@pldolaw.com

## **CERTIFICATION**

The undersigned hereby certifies that on the 24th day of June, 2021, a true and accurate copy of the foregoing was electronically filed using the Court's electronic filing system. Therefore, it is available for viewing by registered users who have signed up to receive notices in this case.

Furthermore, this document was sent via first class mail, postage prepaid to:

Jason Boudreau
Plymouth County Correctional Facility
26 Long Pond Road
Plymouth, MA 02360

                                             */s/ Matthew C. Reeber*